# Kaiser *versus* Fendrick and Young.

1. Where, under a rule of court, an affidavit of claim is filed disclosing a good cause of action, and subsequently an affidavit of defence is filed denying the truth of certain portions of the affidavit of claim material to the plaintiff's case, it is error to permit those portions of such affidavit thus denied to be read in evidence on the trial.

2. A. and B. brought suit against C. on a promissory note signed by A. & Co. drawn to C.'s order and by him indorsed. The affidavit of claim set out that the note was given by one D., a member of the firm of A. & Co., whereof the plaintiffs were the remaining members, without the plaintiff's knowledge or consent. That said note had been given by D. in order to take up an old note of the firm of E. & Co. whereof he had been a member, which old note was in the hands of C., having been given to him in payment for a horse furnished to the firm of E. & Co. for which neither the firm of A. & Co. nor the plaintiffs were liable. Said affidavit then further stated that C. had indorsed the note in suit before maturity to a bona fide holder, who had collected from the plaintiffs the amount of the same. The defendant filed an affidavit of defence setting out, inter alia, that he had given a full consideration for the note in suit which had been received by A. & Co. and became part of the assets of the said firm. On the trial, the affidavit of claim was offered in evidence and was read under objection. *Held*, that it was error to allow such material parts of the affidavit of claim as were traversed or denied by the affidavit of defence to be thus put in evidence. *Held*, further, that without other and competent evidence to prove the facts on which the plaintiff's case hinged, it was error to admit in evidence the note upon which suit was brought.

3. In the above case the defendant offered to show that at the time of receiving the note in suit, he was informed by D. that the firm of A. & Co. had agreed to assume the debts of the firm of E. & Co. *Held*, that as this constituted no proof that A. & Co. had so agreed, the offer was rightly rejected.

4. Defendant also offered, in order to show that A. & Co. had consented to assume the debts of E. & Co., to prove that the horse for which the original note to E. & Co. was given had been taken and used by A. & Co. *Held*, that as this constituted no proof of such assent on the part of A. & Co., the offer was rightly rejected.

5. Defendant also offered, to prove that he took the note in suit without knowledge that any objection was raised thereto by A. and B. *Held*, that this offer was irrelevant and was rightly rejected. It was the duty of defendant, before taking the note, to ascertain affirmatively that all the members of the firm of A. & Co. assented to its issue.

6. Defendant also offered to prove that he had sold a horse to A. & Co., receiving the note in suit as payment. *Held*, that though this offer was inconsistent with the other ones, yet nevertheless it must be presumed to have been made in good faith, and since, if proved, it would have constituted a sufficient defense, it was error to reject it.

[Kaiser *v.* Fendrick.]

October 12th 1881.  Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas No. 2, of *Allegheny county :* Of October and November Term 1881, No. 193.

Assumpsit, by Charles R. Fendrick and Peter Young against F. Kaiser, on a promissory note for $135, signed " Miller, Fendrick & Co." to the order of F. Kaiser and by him indorsed. The plaintiffs filed an affidavit of claim, wherein they averred that said note was given by John Miller, a copartner with plaintiffs, in the firm of Miller, Fendrick & Co., without their knowledge or consent, for an antecedent debt of said Miller and others, formerly copartners, trading as Bardoe, Fried & Miller ; that the note in suit was given by said Miller not on account of the business of the firm of Miller, Fendrick & Co., but for and in place of a note previously given by Bardoe, Fried & Miller, for the price of a horse sold by said Kaiser to Bardoe, Fried & Miller, for which neither the firm of Miller, Fendrick & Co. nor the said plaintiffs, members thereof, were liable ; that Kaiser indorsed the note in suit for value before maturity to one Enrick, who, on nonpayment thereof at maturity, brought suit thereon, whereupon the plaintiffs, by reason of the wrongful acts of the defendant, were compelled to and did pay the amount thereof to said Enrick who delivered the same to the plaintiffs.

The defendant, in his affidavit of defence, averred, inter alia, " that for said note a full and valuable consideration was given by said defendant to said makers, which consideration was received by said firm of Miller, Fendrick & Co., and became assets of said firm." A rule for judgment for want of a sufficient affidavit of defence was discharged by the court.

On the trial, before KIRKPATRICK, J., the plaintiff's counsel proposed to read, as admitted under the rule of the court, the material portions of the plaintiffs' affidavit of claim.  Objected to, because " all of the material averments in the affidavit of claim are denied in defendant's affidavit of defence."  Objection overruled, and evidence admitted ; exception.  (1st assignment of error.)

The court admitted in evidence, under objection by defendant, the note sued on.  (2d assignment.)

Defendant's counsel proposed to show " that Mr. Kaiser sold to the firm of Bardoe, Fried & Miller, a horse for $135, and that he received from said firm of Bardoe, Fried & Miller, a promissory note therefor ; that before maturity of said note, the firm of Bardoe, Fried & Miller was dissolved, Mr. Miller forming a copartnership with the plaintiffs in this case ; that by agreement between Miller and Mr. Kaiser, the firm of Miller, Fendrick & Company were to assume the indebtedness origi-

2 OUTERBRIDGE.—34

nally contracted by Bardoe, Fried & Miller, and ·this, as Mr. Kaiser was informed by Mr. Miller, by the consent of the firm of Miller, Fendrick & Company. Further, that the horse mentioned was taken by the firm of Miller, Fendrick & Company and used by them in their business ; that he received this note upon which suit is brought from Mr. Miller, without knowledge that any objection was raised thereto by the remaining members of the partnership of Miller, Fendrick & Company, and that he indorsed the same without such knowledge for value." Objected to ; objection sustained. (3d assignment.)

Defendant's counsel then proposed to prove " that the defendant sold to Miller, Fendrick & Company a horse, and that he received the firm note of Miller, Fendrick & Company in payment for it ; that he indorsed the note so received before maturity and without knowledge that the same was not given in the course of partnership business." Objected to ; objection sustained. (4th assignment.)

The defendant requested the court to charge " that under the pleadings and evidence the plaintiff is not entitled to recover." The court refused the point, and instructed the jury, " if you believe the testimony of the plaintiff, which is uncontradicted, you must render a verdict for the plaintiffs."

Verdict for the plaintiffs for $139.95, and judgment thereon. The defendant took this writ, assigning for error the rulings on evidence and the instruction of the court as above.

*Force* (with him *Powers & Powers*), for the plaintiff in error.

*John G. Bryant* (*John A. Wilson* with him), for the defendants in error.

Mr. Justice STERRETT delivered the opinion of the court October 31st 1881.

The subject of complaint in the first specification is that certain material averments of fact contained in the affidavit of claim were erroneously received in evidence, and treated as admitted facts, under the rule of court which provides, " That in ' all actions on notes . . . and in all actions founded on contract express or implied, . . . where the debt or damages can be liquidated without the aid of a jury, the plaintiff shall file with or before his declaration, a specification of the items of claim together with a statement of facts necessary to support it, verified by affidavit, to which the defendant shall . . . file an answer, verified by affidavit ; and such items of claim and material averments of fact as are not directly and specifically traversed and denied by the answer shall be taken as admitted :" Rule 1, § 1. Under this rule the plaintiffs below filed a full

[Kaiser *v.* Fendrick.]

affidavit of claim, in which, after averring that the defendant is justly indebted to them in a certain sum, they proceed to state the facts out of which that indebtedness arose. These averments of fact, constituting the body of the affidavit, were received in evidence under the rule above quoted; and assuming them to be true, it must be conceded they disclose a good cause of action. The most essential of these averments is that Miller, who, with plaintiffs below, composed the firm of Miller, Fendrick & Co., made a note, in the firm name, to the order of defendant below, and delivered the same to him "without the knowledge or consent of the said plaintiffs, and not in any manner for, on account of, or in the course of the business of the firm ; but the same was so made and delivered for a debt of the said Miller and others (not the said plaintiffs) formerly copartners in the name and style of Bardoe, Fried & Miller, to the said defendant, for the price of a horse sold by him to them, for which he held the note of the said Bardoe, Fried & Miller, and for which neither the said firm of Miller, Fendrick & Co. nor the said plaintiffs or either of them ever became or was liable; that the said defendant indorsed and delivered the said note as and for the note of the said firm of Miller, Fendrick & Co. to one John Enrick."

The substance of the remaining averments is that by the indorsement to Enrick he became a bona fide holder of the note without notice of the fraud committed by Miller against his copartners, the plaintiffs below, and that after the note was duly protested for non-payment they paid the amount thereof to Enrick and he transferred the note to them.

It will be observed that the essential allegations of fact, upon which the case of the plaintiffs below hinges, are that the note in question was given by their partner, Miller, in fraud of their rights as members of the firm, and without any consideration therefor passing either to them or to the firm of which he and they were the members. If the averments of which this is the substance were eliminated from the affidavit there would be nothing left out of which to construct a valid claim against the defendant below. His contention is that these essential averments of fact were traversed and denied as required by the rule of court, and therefore they should not have been taken as admitted facts against him without competent proof. In his answer or affidavit of defence, after averring that he has a full just and legal defence to the whole of the plaintiff's claim, he says : "The note referred to in plaintiff's affidavit of claim . . . was given to the said defendant by the makers thereof and by the said defendant indorsed to John Enrick before maturity and in the usual course of business, without notice or knowledge that

the same was not made or given for, on account of, or in the course of the business of the said firm of Miller, Fendrick & Co., and that for said note a full and valuable consideration was given by said defendant to the said makers, which consideration was received by said firm of Miller, Fendrick & Co. and became assets of said firm." He further avers " he is not indebted to said plaintiffs or either of them, or to the firm of Miller, Fendrick & Co. in any sum or form whatsoever."

While the affidavit of defence, in some of its averments, is lacking in clearness and precision, and may even be regarded as evasive, it contains a positive averment that the defendant below gave the makers, Miller, Fendrick & Co. a full and valuable consideration for the note in question, which consideration was received by them and became assets of their firm. This is substantially a traverse and denial of the most essential allegations of fact contained in the affidavit of claim, and is sufficiently direct and specific to answer the requirements of the rule. It is not necessary that the denial should be in the words of the affidavit of claim. The averment of the defendant below that the makers, Miller, Fendrick & Co. received from him a full and valuable consideration for the note in question is surely a denial of the plaintiffs' averment that it was given by their partner Miller in fraud of their rights and without any consideration either to the firm or to themselves individually. Some of the material averments were traversed and denied,. and there was therefore error in admitting them as evidence under the rule.

If competent testimony, tending to prove the material allegations of fact upon which the plaintiffs' case hinged, had been first introduced, there could have been no question as to the admissibility of the note and certificate of protest; but, as we have seen, in considering the first assignment, portions at least of the affidavit of claim were improperly received as evidence of the allegations therein contained, and hence there was no legal ground laid for the introduction of the evidence complained of in the second assignment of error.

The third assignment of error is not sustained. The proposition contains no offer to prove that plaintiffs below, as members of the firm, or in any other capacity, assented to the assumption or payment of the debt originally contracted by Bardoe, Fried & Miller. Neither the fact that defendant below was informed of their consent by Miller, nor the further fact that the horse was taken and used by the plaintiffs' firm in their business, would be evidence of their consent. Nor was it a matter of any consequence that the defendant below received the note of the firm " from Miller, without knowledge that any objection was raised thereto by the remaining members of the

[Kaiser *v.* Fendrick.]

partnership." He had no . right· to take the note from Miller for the debt of another firm, with which plaintiffs below had no .connection, without first ascertaining that it was given with their consent. He knew, or ought to have known, that Miller had no right to thus use the name of his firm without the express consent of his partners. It is no answer for him to say he was ignorant of the fact that they had not assented to such use of the firm name, or that he was informed by Miller that they had assented. It was his duty to refuse the note until he knew affirmatively that their consent had been given. If, by his neglect of duty, he assisted Miller in committing a fraud on his partners, he has no just reason to complain if he is compelled to make good their loss.

The subject of complaint in the fourth assignment is the refusal of the court to permit the defendant below to prove the sale of a horse to Miller, Fendrick & Co., and the receipt of the note in controversy, in payment therefor. This state of facts is inconsistent with the offer covered by the third assignment, but that did not justify the rejection of the testimony. It must be presumed that the defendant made the offer in good faith, and that he was prepared to prove the facts therein contained. As we have already seen, he had alleged in his affidavit of defence that Miller, Fendrick & Co., received from him " a full and valuable consideration " for their note. The facts which he. offered to prove were therefore strictly in the line of the defence thus disclosed. If the testimony had been received and submitted to the jury and they had found that the note was given by the firm for a horse purchased by them in the course of their business, the defendant below would have been clearly entitled to their verdict. There was, therefore, error in excluding the testimony embraced in the offer.

The instructions complained of in the fifth and sixth assignments legitimately resulted from the admission of the affidavit of claim in evidence, and the rejection of the testimony referred to in the last preceding specification, and were consistent with the ruling of the court on these questions of evidence.

> Judgment reversed, and a venire facias de novo awarded.